# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD PUIGDOMENECH | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-cv-00285 |
| | § | |
| WELLS FARGO | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), hereby removes this action from the County Court at Law No. 10 of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio. In support of removal, Defendant states as follows:

### I.     STATE COURT ACTION

1. On January 19, 2021, Plaintiff Richard Puigdomenech ("Plaintiff") filed his *Original Petition* (the "Complaint") in the County Court at Law No. 10 of Bexar County, Texas, in an action styled *Richard Puigdomenech v. Wells Fargo*, Case No. 2021cv00202 (the "State Court Action").

2. In the State Court Action, Plaintiff asserts complaints concerning Wells Fargo's servicing of his auto loan and its repossession of the vehicle. Plaintiff contends he made late payments and partial payments, which were accepted by Defendant. Accordingly, Plaintiff claims, the terms of the auto loan contract were altered by conduct. When Wells Fargo later declared a default and repossessed the vehicle, Plaintiff contends this was wrongful. Plaintiff further complains he was not allowed to retrieve his personal belongings from the vehicle. In connection

1

with these allegations, he asserts causes of action for breach of contract and conversion. Plaintiff seeks an alleged $75,000 in damages (Complaint at ¶ 4) plus his attorneys' fees (*id.* at Prayer).

3. Wells Fargo was served on February 22, 2022. This Notice of Removal is timely under 28 U.S.C. § 1446.

4. As discussed below, this Court has jurisdiction over this action on the basis of diversity jurisdiction.

## II. PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1441.

6. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the file from the State Court Action at the time of this removal, including copies of all process, pleadings and orders, if any.

7. Simultaneously with the filing of this Notice, Defendant is also filing notice in the County Court at Law No. 10 of Bexar County, Texas, and providing Plaintiff with a copy pursuant to 28 U.S.C. § 1446(d).

## III. THIS COURT HAS DIVERSITY JURISDICTION

8. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a) and 1441(a). Complete diversity exists in this case because Defendant is not a citizen of Texas. The amount in controversy requirement is also satisfied, as set forth below.

**A.    Diversity of Citizenship**

9. For purposes of diversity jurisdiction, "[a] natural person's citizenship lies in the state where the person is domiciled." *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 763 (W.D. Tex. 2019) (citing *Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007)).

"Domicile requires the demonstration of two factors: residence and the intention to remain." *Id.* (quoting *Preston*, 485 F.3d at 798). Plaintiff is a natural persons and has claimed Bexar County, Texas as his residence and domicile. (See Complaint at ¶ 5.) Accordingly, Plaintiff is a citizen of Texas for diversity purposes.

10. Wells Fargo is a national banking association. Accordingly, its citizenship is determined solely by the location of its main office, as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Wells Fargo's main office is located in South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes.

11. Because Defendant is not a citizen of the same state as Plaintiff or Texas, there is complete diversity in this case.

**B.     Amount in Controversy**

12. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

13. From a review of the Complaint, it is apparent that the amount at issue more likely than not exceeds $75,000 exclusive of interest and costs. Plaintiff specifically indicates he "seeks monetary damages of less than $100,000" and "as of the time of the filing of [his Complaint] his damages are $75,000 or less." (Complaint at ¶ 4.) Plaintiff further specifies that he is also seeking punitive damages. (Complaint at Prayer.) Additionally, he has requested compensation for his attorneys' fees. (*Id.*)

14. These allegations indicates the $75,000 amount in controversy requirement will more than likely be met. *See, e.g.*, *White*, 319 F.3d at 675 (upholding district court's conclusion that compensatory damages, punitive damages, and attorney's fees would "more probabl[y] than not" exceed $75,000).

15. Based on the foregoing, it is apparent from the face of Plaintiff's Complaint that the value of the relief sought by Plaintiff more likely than not exceeds the $75,000 jurisdictional minimum.

16. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and removal is proper.

## IV. CONCLUSION

WHEREFORE, Wells Fargo removes this action from the County Court at Law No. 10 of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Elizabeth K. Duffy*
**Robert T. Mowrey**
Texas Bar No. 14607500
rmowrey@lockelord.com
**Elizabeth K. Duffy**
Texas Bar No. 24050535
eduffy@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**WELLS FARGO BANK, N.A.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served on this 24th day of March, 2022 via e-filing on:

**William M. Clanton**
LAW OFFICE OF BILL CLANTON, P.C.
926 Chulie Drive
San Antonio, Texas 78216
*Attorney for Plaintiff*

                                        */s/ Elizabeth K. Duffy*
                                        *Attorney for Defendant*