IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD PUIGDOMENECH,<br>    *Plaintiff*<br><br>-vs-<br><br>WELLS FARGO,<br>    *Defendant* | § § § § § § § § § § | SA-22-CV-00285-XR |

## ORDER

On this date, the Court considered Plaintiff's motion to remand (ECF No. 5) and Defendant's response (ECF No. 7). After careful consideration, the Court issues the following order.

### BACKGROUND

This case stems from Defendant Wells Fargo's repossession of Plaintiff Richard Puigdomenech's vehicle. Specifically, Plaintiff brings causes of action for breach of contract and conversion, alleging that Wells Fargo breached the Parties' loan-servicing agreement and damaged Plaintiff's personal property in repossessing his vehicle. ECF No. 1-1 at 15. Plaintiff seeks (1) actual damages; (2) punitive damages; and (3) attorney's fees. *Id.* at 16.

Plaintiff originally brought this action in County Court at Law No. 10 in Bexar County, Texas. *Id.* at 14. Wells Fargo was served on February 22, 2022, and timely filed its notice of removal in this Court on March 24, 2022, on the basis of diversity jurisdiction. ECF No. 1 at 2. Plaintiff subsequently filed the instant motion to remand, arguing that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. ECF No. 5. Defendant opposes remand. ECF No. 7.

**DISCUSSION**

I.    **Legal Standard**

On a motion to remand, a court must consider whether removal to federal court is proper. Removal is proper in any "civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) (quoting *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

If the removing party asserts federal jurisdiction on the basis of diversity jurisdiction, it must demonstrate that there is complete diversity among the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)–(4). It follows, then, that the removing party has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

Typically, for purposes of removal, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *accord Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). However, "a plaintiff's

pleading . . . does not control" the amount in controversy "when made in bad faith or when state practice does not permit demand for a specific sum of damages." *Cavazos v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:17-CV-368, 2017 WL 11317904, at *2 (S.D. Tex. Dec. 12, 2017) (citing 28 U.S.C. § 1446(c)(2)).

## II.     Analysis

Since the parties do not dispute diversity of citizenship and the Court is satisfied that complete diversity exists, the Court need only determine whether the amount in controversy is satisfied. The Petition states that Plaintiff "seeks monetary damages of less than $100,000," and that "as of the time of the filing of this petition, his damages are $75,000 or less." ECF No. 1-1 at 14. Wells Fargo contends that these allegations, plus Plaintiff's claim for attorney's fees, place the amount in controversy in excess of $75,000. ECF No. 7 at 3–4.

Plaintiff's allegation that his damages are "$75,000 or less" does not preclude removal since it is not binding, and litigants who want to prevent removal must file a binding stipulation or affidavit with their petition, which Plaintiff here has failed to do. *See De Aguilar*, 47 F.3d at 1413. The allegation does, however, create an ambiguity as to the actual amount in controversy. On its face, the Petition claims that Plaintiff's damages could be less than *and* greater than $75,000—both cannot be true. As such, the amount in controversy is not apparent from the face of the Petition.

Nevertheless, Wells Fargo asserts that the Petition "must be construed . . . to claim damages in the amount of either $100,000 or $75,000." ECF No. 7 at 3. However, "Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000, and thus, a specific demand such as Plaintiffs' cannot be deemed the amount in controversy[.]" *Cavazos*, 2017 WL 11317904, at *2. It is also possible that the "$100,000 or less" figure was

intended to comply with Texas Rule of Civil Procedure 47, which requires a pleading to contain a statement that the damages sought are within jurisdictional limits of the court and that the party seeks a pre-defined range of damages. Plaintiff did not plead a damages range in accordance with Texas Rules of Civil Procedure but did plead Discovery Level 1, which capped damages at $100,000 until 2021, when the cap was extended up to $250,000. As a matter of basic logic, courts have routinely rejected the argument that petitions asserting damages in the range of "$100,000 or less" demonstrates that the amount in controversy exceeds $75,000. *See, e.g.*, *Martinez v. Allstate Tex. Lloyd's*, No. 3:16-CV-2375-L-BK, 2017 WL 3309096, at *3 (N.D. Tex. Jan. 11, 2017); *Salinas v. Allstate Tex. Lloyd's*, No. 7:16-CV-239, 2016 WL 9415193, at *2 (S.D. Tex. July 18, 2016); *Martinez v. State Farm Lloyds*, No. 7:16-CV-183, 2016 WL 8738406, at *2 (S.D. Tex. June 28, 2016); *Johansen v. Beneficial Fin. I, Inc.*, No. 1:14-CV-584, 2015 WL 13306493, at *2 (E.D. Tex. Feb. 24, 2015); *Oliver v. CitiMortgage*, No. 3:13-CV-2566-G, 2014 WL 285218, at *3 (N.D. Tex. Jan. 27, 2014). This Court takes the same view. *See, e.g.*, *Jones v. Allstate Ins. Co.*, No. SA-17-CA-1018-XR, 2017 WL 4805112, at *2 (W.D. Tex. Oct. 25, 2017).

Plaintiff's pleading is ambiguous as to the amount in controversy, and Wells Fargo must prove by the preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. As it relies solely on the face of the Petition, Wells Fargo has failed to do so. While Wells Fargo points to Plaintiff's claim for attorney's fees, this alone does not establish that it more likely than not that the amount in controversy will exceed $75,000. The Court is unable to determine that it is "facially apparent" from the Petition that Plaintiff's claim likely exceeds the jurisdictional threshold. The ambiguity in Plaintiff's pleading is "construed against removal and in favor of remand to state court," and this case must be remanded. *See*

*Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (ECF No. 5) is **GRANTED**. The Court **ORDERS** that this case be remanded to the County Court at Law No. 10, Bexar County, Texas and that the Clerk **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 4th day of May, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE